IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MAGIC WAND, LLC** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | **CASE NO. 12-70404** |

___

## MEMORANDUM DECISION

This matter comes before the Court on Objections filed by Robert E. Wick, the Chapter 7 Trustee, to two proofs of claim filed in the above captioned matter. For the reasons set forth below, the Objections will be overruled.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 2, 2012. On Schedule F filed with the Debtor's Petition, the Debtor scheduled an unsecured debt owing to Dixmor Enterprises in the amount of $1,015.44 and an unsecured debt to Zierden in the amount of $274.09. Neither were marked as contingent, unliquidated or disputed by the Debtor. On April 23, 2012, Zierden Company filed a Proof of Claim in the amount of $274.09 for "Goods Sold." On April 24, 2012, Dixmor Enterprises filed a Proof of Claim in the amount of $1,015.44, also for "goods sold." On August 31, 2012, the Trustee filed an Objection to Proof of Claim #3 of Zierden Company and an Objection to Proof of Claim # 6 of Dixmor Enterprises, both on the basis that no supporting documentation was filed with the claim. Both claimants had 30 days from the date of the Orders entered August 31, 2012 to file a written response to the Objection. No response was filed by either claimant. Both matters are scheduled for hearing on November 7, 2012.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. Objections to claims are "core" bankruptcy proceedings by virtue of 28 U.S.C. § 157(b)(2)(B).

Under 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim. However, Judge Anderson of this Court in a 2009 decision ruled that

> [i]n order to be deemed prima facie valid, a proof of claim [that is based on a writing] must be supported by documentation if required by Rule 3001(c). The failure of a creditor to provide documentation merely serves to deprive the claim of its prima facie validity. . . . There are no specific requirements for documentation for unsecured claims, other than the creditor must submit a writing if the debt is based on a writing. If the proof of claim *is not supported* by the requisite documentation, it is not presumed to be prima facie valid. If the presumption does not arise, the debtor need only object to the claim pursuant to the applicable rules. . . . The objection, however, must be based on some *good faith* ground. An assertion that the proof of claim is not supported by documentation is not sufficient to support an objection to claim.

*In re Falwell*, 434 B.R. 779, 783 (Bankr. W.D. Va. 2009).

As the Debtor listed in its schedules undisputed debts owing to both Zierden and Dixmor in the same dollar amount as listed in the claimants' proofs of claim, the Trustee's Objections to Claim #3 and Claim #6 on the ground of lack of supporting documentation will be overruled. First, depending on the relevant particulars and circumstances applicable to a specific transaction, a claim for "goods sold" might or might not be one "based on a writing." If not, the

requirement of Bankruptcy Rule 3001(c) requiring that "the original or a duplicate" of such writing be filed with the proof of claim is not even applicable. In such situations, giving effect to the evidentiary presumption arising pursuant to Bankruptcy Rule 3001(f), these claims should be allowed as filed. After all, the burden is upon a party objecting to a timely and properly filed claim to produce some evidence that the claim ought to be disallowed. *See In re Sentinel Management Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009); Hon. Barry Russell, 2 *Bankruptcy Evidence Manual* § 301.14 at p. 210 (West, 2011-12 Edition). Second, even if the "sales transaction" in question is "based on a writing," per *Falwell* there must be some asserted legal or factual basis to dispute the debt, such as the goods purchased were defective or never delivered, or enforcement of the claim is barred by a statute of limitations defense, or that the goods in question were in fact paid for, or that the claim should be disallowed pursuant to 11 U.S.C. § 502(b), or some other reason to deny legal liability for the claimed debt. In short, simply the lack of documentation, standing alone, is no reason to conclude that a debt which is in no way disputed by the debtor is not valid.

An Order in accordance with the above decision will be entered contemporaneously herewith.

This 10th day of October, 2012.

_____
UNITED STATES BANKRUPTCY JUDGE